JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Liro, Christina

**(b)** County of Residence of First Listed Plaintiff   Dawson County, GA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
Edith A. Pearce, Esquire and Rebecca L. Thomas, Esquire
1429 Walnut Street, 14th Floor, Philadelphia, PA 19102
215-557-8686,  eapearce@thepearcelawfirm.com, rthomas@thepearc

## DEFENDANTS
Endo Pharmaceuticals, Inc., et. al.

"See Attachment"

County of Residence of First Listed Defendant   Delaware County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
    Plaintiff

☐ 2  U.S. Government
    Defendant

☐ 3  Federal Question
    *(U.S. Government Not a Party)*

☒ 4  Diversity
    *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | **PERSONAL INJURY** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | ☐ 365 Personal Injury - Product Liability | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | ☒ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | **PERSONAL PROPERTY** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 370 Other Fraud | | | |
| ☐ 240 Torts to Land | ☐ 371 Truth in Lending | | | |
| ☐ 245 Tort Product Liability | ☐ 380 Other Personal Property Damage | | | |
| ☐ 290 All Other Real Property | ☐ 385 Property Damage Product Liability | | | |
| | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **IMMIGRATION** | |
| | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 462 Naturalization Application | |
| | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 465 Other Immigration Actions | |
| | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | |
| | ☐ 443 Housing/ Accommodations | ☐ 530 General | | |
| | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | |
| | ☐ 446 Amer. w/Disabilities - Other | **Other:** | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332 i

Brief description of cause:
Plaintiff suffered severe damages as a result of the negligence of Defendants in packaging birth control pills

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
20,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
05/24/2013

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Defendants:

Endo Pharmaceuticals, Inc.

Endo Pharmaceutical Holdings, Inc.

Endo Health Solutions, Inc.

Endo Pharmaceuticals, Inc. d/b/a Qualitest Pharmaceuticals, Inc.

Endo Pharmaceutical Holdings, Inc. d/b/a Qualitest Pharmaceuticals, Inc.

Endo Health Solutions, Inc. d/b/a Qualitest Pharmaceuticals, Inc.

Qualitest Pharmaceuticals, Inc.

Vintage Pharmaceuticals, Inc.

Vintage Pharmaceuticals, LLC

Vintage Pharmaceuticals, LLC d/b/a Qualitest Pharmaceuticals, Inc.

Pantheon, Inc.

John Doe Company - 1

John Doe Company - 2

John Doe Company - 3

John Doe Company - 4

John Doe Company - 5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

CHRISTINA LIRO                                  :
102 Highland Pointe Cir E                       :
Dawsonville, Georgia 30534                      :     **CIVIL ACTION**
                                                :
    Plaintiff               :
                                                :     **NO.**
    vs.                     :
                                                :
ENDO PHARMACEUTICALS, INC.                      :
100 Endo Boulevard                              :
Chadds Ford, PA 19317                           :
                                                :
    and                     :
                                                :
ENDO PHARMACEUTICAL HOLDINGS, INC.              :
100 Endo Boulevard                              :
Chadds Ford, PA 19317                           :
                                                :
    and                     :
                                                :
ENDO HEALTH SOLUTIONS, INC.                     :
100 Endo Boulevard                              :
Chadds Ford, PA 19317                           :
                                                :
    and                     :
                                                :
ENDO PHARMACEUTICALS, INC. D/B/A                :
QUALITEST PHARMACEUTICALS, INC.                 :
100 Endo Boulevard                              :
Chadds Ford, PA 19317                           :
                                                :
    and                     :
                                                :
ENDO PHARMACEUTICAL HOLDINGS, INC.              :
D/B/A QUALITEST PHARMACEUTICALS, INC.:          :
100 Endo Boulevard                              :
Chadds Ford, PA 19317                           :
                                                :
    and                     :
                                                :
ENDO HEALTH SOLUTIONS, INC. D/B/A               :

QUALITEST PHARMACEUTICALS, INC.          :
100 Endo Boulevard                       :
Chadds Ford, PA 19317                    :
                                         :
          and                            :
                                         :
QUALITEST PHARMACEUTICALS, INC.          :
130 Vintage Drive                        :
Huntsville, AL 35811                     :
                                         :
          and                            :
                                         :
VINTAGE PHARMACEUTICALS, LLC.            :
130 Vintage Drive                        :
Huntsville, AL 35811                     :
                                         :
          and                            :
                                         :
VINTAGE PHARMACEUTICALS, LLC. D/B/A      :
QUALITEST PHARMACEUTICALS, INC.          :
130 Vintage Drive                        :
Huntsville, AL 35811                     :
                                         :
          and                            :
                                         :
PANTHEON, INC.                           :
4721 Emperor Boulevard                   :
Suite 200                                :
Durham, NC 27703                         :
                                         :
          and                            :
                                         :
JOHN DOE COMPANY - 1                     :
                                         :
          and                            :
                                         :
JOHN DOE COMPANY - 2                     :
                                         :
          and                            :
                                         :
JOHN DOE COMPANY - 3                     :
                                         :
          and                            :
                                         :
JOHN DOE COMPANY - 4                     :

and                                    :
                                       :
JOHN DOE COMPANY - 5                    :
                                       :
            Defendants.                 :
                                       :

---

## COMPLAINT

### NATURE OF THE ACTION

1.      This action arose from the defective design, manufacture, packaging, sale, and distribution of birth control pills that were placed in the stream of commerce by Defendants and, therefore, reasonably foreseeably marketed and distributed within the State of New Jersey, among other places.  The purchase and ingestion of the defective birth control pills by Plaintiff Christina Liro resulted in an unexpected and unplanned pregnancy that ended at tragically at 38 weeks, with the baby girl dying from inter-uterine hypoxia due to maternal eclampsia and Plaintiff Christina Liro fighting for her life.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 United States Code § 1332, based upon diversity jurisdiction in that Plaintiff is a citizen of a state that is different from the States where Defendants are incorporated and/or have places of business.  Further, the amount in controversy exceeds one hundred and fifty thousand dollars ($150,000.00).

3.      All Defendants have substantial contacts with and receive benefits and income from and through the State of New Jersey, and derived substantial revenue from intestate commerce.

4.      Venue is proper in the District of New Jersey because this is an action against corporations that regularly conduct business in this District, as well as throughout the State of

New Jersey.

## PARTIES

5.     Plaintiff Christina Liro is currently a citizen of the State of Georgia residing therein at 102 Highland Pointe Cir E Dawsonville, Georgia 30534.

6.     Defendant Endo Pharmaceuticals, Inc. is a corporation or other legal entity with a principal place of business at 100 Endo Boulevard, Chadds Ford, Pennsylvania 19317.

7.     Defendant Endo Pharmaceutical Holdings, Inc. is a corporation or other legal entity with a principal place of business at 100 Endo Boulevard, Chadds Ford, Pennsylvania 19317.

8.     Defendant Endo Health Solutions, Inc. is a corporation or other legal entity with a principal place of business at 100 Endo Boulevard, Chadds Ford, Pennsylvania 19317.

9.     Defendant Endo Pharmaceuticals, Inc. d/b/a Qualitest Pharmaceuticals, Inc. is a corporation or other legal entity with a principal place of business at 100 Endo Boulevard, Chadds Ford, Pennsylvania 19317.

10.     Defendant Endo Pharmaceutical Holdings, Inc. d/b/a Qualitest Pharmaceuticals, Inc. is a corporation or other legal entity with a principal place of business at 100 Endo Boulevard, Chadds Ford, Pennsylvania 19317.

11.     Defendant Endo Health Solutions, Inc. d/b/a Qualitest Pharmaceuticals, Inc. is a corporation or other legal entity with a principal place of business at 100 Endo Boulevard, Chadds Ford, Pennsylvania 19317.

12.     Defendants, Endo Pharmaceuticals, Inc., Endo Pharmaceuticals Holdings, Inc., Endo Health Solutions, Inc., Endo Pharmaceuticals, Inc., d/b/a Qualitest Pharmaceuticals, Inc., Endo Pharmaceutical Holdings, Inc. d/b/a Qualitest Pharmaceuticals, Inc., and Endo Health

Solutions, Inc. d/b/a Qualitest Pharmaceuticals, Inc. are hereinafter referred to collectively as "ENDO."

13.     Defendant Qualitest Pharmaceuticals, Inc. is a corporation or other legal entity with a principal place of business at 130 Vintage Drive, Huntsville, Alabama 35811 hereinafter referred to as "QUALITEST."

14.     Defendant Vintage Pharmaceuticals, LLC is a corporation or other legal entity with a principal place of business at 130 Vintage Drive, Huntsville, Alabama 35811.

15.     Defendant Vintage Pharmaceuticals, LLC d/b/a Qualitest Pharmaceuticals, Inc. is a corporation or other legal entity with a principal place of business at 130 Vintage Drive, Huntsville, Alabama 35811.

16.     Defendants Vintage Pharmaceuticals, LLC and Vintage Pharmaceuticals, LLC d/b/a Qualitest Pharmaceuticals, Inc. are hereinafter referred to collectively as "VINTAGE."

17.     Defendant Pantheon, Inc. is a corporation or other legal entity with a principal place of business at 130 Vintage Drive, Huntsville, Alabama 35811 hereinafter referred to as "PANTHEON."

18.     Defendant John Doe Company - 1 at all times relevant hereto was in the business of developing, designing, manufacturing, testing, packaging, selling, distributing, labeling, marketing and/or placing, either directly or indirectly through third parties or related entities, birth control pills, including Tri-Previfem into interstate commerce and derived substantial revenue from these activities.

19.     Defendant John Doe Company - 2 at all times relevant hereto was in the business of developing, designing, manufacturing, testing, packaging, selling, distributing, labeling, marketing and/or placing, either directly or indirectly through third parties or related entities,

birth control pills, including Tri-Previfem into interstate commerce and derived substantial revenue from these activities.

20.     Defendant John Doe Company - 3 at all times relevant hereto was in the business of developing, designing, manufacturing, testing, packaging, selling, distributing, labeling, marketing and/or placing, either directly or indirectly through third parties or related entities, birth control pills, including Tri-Previfem into interstate commerce and derived substantial revenue from these activities.

21.     Defendant John Doe Company - 4 at all times relevant hereto was in the business of developing, designing, manufacturing, testing, packaging, selling, distributing, labeling, marketing and/or placing, either directly or indirectly through third parties or related entities, birth control pills, including Tri-Previfem into interstate commerce and derived substantial revenue from these activities.

22.     Defendant John Doe Company - 5 at all times relevant hereto was in the business of developing, designing, manufacturing, testing, packaging, selling, distributing, labeling, marketing and/or placing, either directly or indirectly through third parties or related entities, birth control pills, including Tri-Previfem into interstate commerce and derived substantial revenue from these activities.

23.     Defendants John Doe Company - 1, John Doe Company - 2, John Doe Company - 3, John Doe Company - 4 and John Doe Company - 5 are hereinafter collectively referred to as "DOE DEFENDANTS."

## FACTUAL ALLEGATIONS

24.    In or about May of 2011, Plaintiff Christina Liro obtained her medical degree from the Philadelphia College of Osteopathic Medicine in Suwanee, Georgia.

25.    Following her graduation from medical school, Plaintiff moved to Williamstown, Gloucester County, New Jersey where she lived while a family practice resident in the South Jersey Regional Hospital residency program in Vineland, New Jersey, which began on July 1, 2011.

26.    Plaintiff chose the South Jersey Regional Hospital residency program because she had an opportunity, which she was impliedly guaranteed, for a position in the orthopedic program for her second year of residency, which would begin on July 1, 2012.

27.    For several years prior to, and during, July of 2011, Plaintiff had taken oral contraceptives in the form of birth control pills that were named Tri-Previfem (hereinafter "birth control pills.")

28.    In July of 2011, Plaintiff had taken the birth control pills as prescribed on a daily basis.

29.    On or about July 24, 2011, Plaintiff engaged in sexual intercourse with a fellow resident.  She believed that she was protected from pregnancy because she was taking the birth control pills.

30.    Plaintiff did not plan, want or expect to become pregnant as a result of the sexual encounter.

31.    In August of 2011, Plaintiff learned that she was pregnant.  Her due date was April 17, 2012.

32.    Plaintiff was shocked when she learned that she was pregnant and was concerned

about how she might raise a baby on her own with her family hundreds of miles away in Texas and without support from the baby's father.  Plaintiff was also concerned about how the pregnancy and having a baby might affect her life-long career goal of becoming an orthopedic surgeon.

33.     Despite all of her concerns and reservations, Plaintiff made the decision to proceed with the pregnancy.

34.     Plaintiff learned that she was pregnant with a baby girl who she planned to name Emily Elizabeth Liro.

35.     Despite the unexpectedness of the pregnancy, as with most pregnant mothers, Plaintiff deeply loved her baby daughter and was planning for her arrival, which included decorating a room in her apartment as the nursery.

36.     Unfortunately, Plaintiff's concerns regarding how the unexpected, unplanned pregnancy would affect her chances of being offered a position as a second-year resident in the orthopedic program, were validated.  Plaintiff was not offered an orthopedic residency position. Plaintiff believes and therefore alleges that her pregnancy was the reason that she was not offered the orthopedic residency position.

37.     Despite the deep disappointment Plaintiff experienced when she lost the orthopedic residency opportunity, which in turn ultimately eliminated any chance Plaintiff may have to fulfill her goal of becoming an orthopedic surgeon, Plaintiff was looking forward to the arrival of her baby girl.

38.     Plaintiff experienced a healthy and normal pregnancy up until the thirty-eighth (38) week of her pregnancy.

39.     On March 25, 2012, Plaintiff was enjoying a typical Sunday up until she became

uncomfortable and began to experience what she believed to be was heartburn. At that time, she decided to take a bath to relax.

40. Plaintiff recalls getting into the bathtub. The next memory she has is of waking up in the hospital on March 27, 2012.

41. On March 27, 2012, two (2) DAYS after she got into the tub, Plaintiff was discovered in the bathtub of her apartment, unconscious, in freezing cold water that was full of blood, and holding her deceased daughter, Emily Elizabeth Liro, in her arms with the umbilical cord still attached.

42. Plaintiff has no memory of delivering the baby.

43. The fellow resident who discovered Plaintiff and her dead baby rushed them to the nearest emergency room.

44. Plaintiff's baby, Emily Elizabeth Liro, was pronounced dead upon arrival. The cause of death was inter-uterine hypoxia due to maternal eclampsia.

45. Plaintiff suffered from eclampsia and HELLP syndrome, which caused her to lose consciousness and suffer seizures while in the bathtub.

46. Upon Plaintiff's arrival at the hospital, she was suffering from eclampsia, HELLP syndrome, severe hypertensive emergency, heart attack, cerebral edema, transaminitis, acute liver failure, anemia, acute kidney injury, rhabdomyolosis, leukocytosis, thrombocytopenia, pneumonia, and gastrointestinal and deep venous thrombosis prophylaxis. Whether Plaintiff would survive was questionable.

47. Miraculously, Plaintiff recovered physically, but the trauma of losing her baby daughter in such a tragic way will never subside.

48. Plaintiff returned to work as a resident following a ten (10) week medical leave

during which she was recovering both physically and emotionally from the traumatic incident.

49.     Despite looking forward to returning to work, she soon discovered that her position as a family medicine resident for the second year of her residency program had been filled.

50.     Not only did Plaintiff suffer severe medical issues as a result of the unplanned pregnancy, she also lost her baby daughter and her dream of becoming an orthopedic surgeon and then a doctor all together.

51.     At all times material and relevant hereto, Defendants designed, manufactured, packaged, sold, and distributed birth control pills with trademarks, including but not limited to, Tri-Previfem.

52.     When the birth control pills were delivered and/or purchased and/or provided to Plaintiff, they were defectively and dangerously designed, manufactured, packaged, sold, and distributed.

53.     More specifically, *inter alia*, the birth control pills purchased by Plaintiff were packaged such that select blisters found inside the pill box were rotated 180 degrees within the card, reversing the weekly tablet orientation.  As a result of the packaging error, the daily regimen for the birth control pills left women, including Plaintiff, without adequate contraception and at risk for unwanted pregnancy.

54.     Plaintiff used the birth control pills as directed by Defendants.

55.     Plaintiff took the birth control pills as directed by Defendants, but because of the defect, as above-described, Plaintiff suffered severe injury and damages.

56.     As a result of the packaging error, Plaintiff Christina Liro has suffered severe and permanent injuries.

57.     As a result of the packaging error, Plaintiff Christina Liro suffered and continues to suffer severe and agonizing pain, which will continue throughout her lifetime.

58.     As a result of the packaging error, Plaintiff Christina Liro has been forced to expend and will continue to expend, large sums of money to care for her injuries, which expenses will continue indefinitely into the future.

59.     As a further result of the packaging error, Plaintiff Christina Liro has suffered severe physical pain and trauma, mental upset and anguish and may continue to suffer the same for an indefinite time into the future.

60.     As a further result of the packaging error, Plaintiff Christina Liro has or may suffer a severe loss of her earnings and impairment of her earning capacity and power, all of which may continue for an indefinite time into the future.

61.     As a further result of the packaging error, Plaintiff Christina Liro has suffered a diminution in her ability to enjoy life and life's pleasures, all of which may continue indefinitely into the future.

62.     As a further result of the packaging error,  Plaintiff Christina Liro has or may hereafter incur other financial expenses or losses, which may continue indefinitely into the future.

## COUNT I

### PLAINTIFF V. DEFENDANTS
### STRICT LIABILITY

63.     Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, as though each were set forth at length herein.

64.     Defendants are strictly liable for designing, manufacturing, packaging, selling

and/or distributing by placing in the stream of commerce the birth control pills that were unreasonably dangerous and defective for their reasonably foreseeable uses because of the aforesaid defects.

65.    Defendants defectively marketed the birth control pills by failing to warn or to adequately warn Plaintiff of the defects.

66.    As a direct and proximate result of the aforementioned actions or inactions of Defendants, Plaintiff Christina Liro has suffered severe and permanent injuries.

67.    As a direct and proximate result of the aforementioned actions or inactions of Defendants, Plaintiff Christina Liro suffered and continues to suffer severe and agonizing pain, which will continue throughout her lifetime.

68.    As a direct and proximate result of the aforementioned actions or inactions of Defendants, Plaintiff Christina Liro has been forced to expend and will continue to expend, large sums of money to care for her injuries, which expenses will continue indefinitely into the future.

69.    As a direct and proximate result of the aforementioned actions or inactions of Defendants, Plaintiff Christina Liro has suffered severe physical pain and trauma, mental upset and anguish and may continue to suffer the same for an indefinite time into the future.

70.    As a direct and proximate result of the aforementioned actions or inactions of Defendants, Plaintiff Christina Liro has or may suffer a severe loss of her earnings and impairment of her earning capacity and power, all of which may continue for an indefinite time into the future.

71.    As a direct and proximate result of the aforementioned actions or inactions of Defendants, Plaintiff Christina Liro has suffered a diminution in her ability to enjoy life and life's pleasures, all of which may continue indefinitely into the future.

72.     As a direct and proximate result of the aforementioned actions or inactions of Defendants,  Plaintiff Christina Liro has or may hereafter incur other financial expenses or losses, which may continue indefinitely into the future.

WHEREFORE it is respectfully requested that judgment be entered in favor of the Plaintiff and against Defendants, jointly and/or severally, in an amount in excess of $150,000, together with costs of suit, and such further relief as the Court deems proper.

## COUNT II

### PLAINTIFF V. DEFENDANTS
### NEGLIGENCE

73.     Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, as though each were set forth at length herein.

74.     The negligence and carelessness of Defendants consisted of the following:

a.     failing to adequately design, manufacture, and/or package the birth control pills;

b.     failing to properly inspect the birth control pills;

c.     failing to discover the defective condition;

d.     failing to eliminate the defective condition in and/or of the birth control pills before they were distributed to retailers and/or sold to Plaintiff;

e.     failing to design, manufacture, package, sell, distribute, inspect, label and test the birth control pills to render the same suitable for their intended use;

f.     failing to implement sufficient quality control to determine that the birth control pills were not properly packaged and therefore were not safe and/or were not suitable for their intended use;

g.     failing to warn Plaintiff and/or retailers who sold the birth control pills to Plaintiff of the defects in the design, manufacture, packaging, inspection and/or distribution of the defective and unreasonably dangerous birth control pills;

h.    negligence as a matter of law; and

i.    such other acts of negligence as shall be ascertained upon completion of discovery procedures or at trial.

75.    Defendants knew or should have known that the birth control pills were defective and unreasonably dangerous to those persons, including Plaintiff, likely to use the birth control pills in the manner for which they was intended to be used.

76.    Defendants owed Plaintiff the duty of reasonable care when they designed, manufactured, packaged, sold and distributed the birth control pills.  Defendants breached its duty to Plaintiff as set forth in detail in paragraph 74 and its subparagraphs.

77.    As a direct and proximate result of the carelessness and negligence of Defendants, Plaintiff Christina Liro has suffered severe and permanent injuries.

78.    As a direct and proximate result of the carelessness and negligence of Defendants, Plaintiff Christina Liro suffered and continues to suffer severe and agonizing pain, which will continue throughout her lifetime.

79.    As a direct and proximate result of the carelessness and negligence of Defendants, Plaintiff Christina Liro has been forced to expend and will continue to expend, large sums of money to care for her injuries, which expenses will continue indefinitely into the future.

80.    As a direct and proximate result of the carelessness and negligence of Defendants, Plaintiff Christina Liro has suffered severe physical pain and trauma, mental upset and anguish and may continue to suffer the same for an indefinite time into the future.

81.    As a direct and proximate result of the carelessness and negligence of Defendants, Plaintiff Christina Liro has or may suffer a severe loss of her earnings and impairment of her earning capacity and power, all of which may continue for an indefinite time into the future.

82.     As a direct and proximate result of the carelessness and negligence of Defendants, Plaintiff Christina Liro has suffered a diminution in her ability to enjoy life and life's pleasures, all of which may continue indefinitely into the future.

83.     As a direct and proximate result of the carelessness and negligence of Defendants, Plaintiff Christina Liro has or may hereafter incur other financial expenses or losses, which may continue indefinitely into the future.

WHEREFORE it is respectfully requested that judgment be entered in favor of the Plaintiff and against Defendants, jointly and/or severally, in an amount in excess of $150,000, together with costs of suit, and such further relief as the Court deems proper.

## COUNT III

### PLAINTIFF V. DEFENDANTS
### BREACH OF WARRANTY

84.     Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, as though each were set forth at length herein.

85.     Defendants, by and through their sale and distribution of the birth control pills, expressly and impliedly warranted to the public generally and to Plaintiff specifically that the birth control pills were fit for the purpose for which they were intended.

86.     Plaintiff made use of the birth control pills in the manner in which they were intended and relied on the express and implied warranties of Defendants.  Contrary thereto, the birth control pills were not fit for their intended use, rendering them unreasonably dangerous and defective.

87.     Defendants breached the express and implied warranties in the manner described above.

88.     As a direct and proximate result of Defendants' breach, Plaintiff Christina Liro has suffered severe and permanent injuries.

89.     As a direct and proximate result of Defendants' breach, Plaintiff Christina Liro suffered and continues to suffer severe and agonizing pain, which will continue throughout her lifetime.

90.     As a direct and proximate result of Defendants' breach, Plaintiff Christina Liro has been forced to expend and will continue to expend, large sums of money to care for her injuries, which expenses will continue indefinitely into the future.

91.     As a direct and proximate result of Defendants' breach, Plaintiff Christina Liro has suffered severe physical pain and trauma, mental upset and anguish and may continue to suffer the same for an indefinite time into the future.

92.     As a direct and proximate result of Defendants' breach, Plaintiff Christina Liro has or may suffer a severe loss of her earnings and impairment of her earning capacity and power, all of which may continue for an indefinite time into the future.

93.     As a direct and proximate result of Defendants' breach, Plaintiff Christina Liro has suffered a diminution in her ability to enjoy life and life's pleasures, all of which may continue indefinitely into the future.

94.     As a direct and proximate result of Defendants' breach,  Plaintiff Christina Liro has or may hereafter incur other financial expenses or losses, which may continue indefinitely into the future.

WHEREFORE it is respectfully requested that judgment be entered in favor of Plaintiff and against Defendants, jointly and/or severally, in an amount in excess of $150,000, together with costs of suit, and such further relief as the Court deems proper.

## COUNT IV

### PLAINTIFF V. DEFENDANTS
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

95.   Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, as though each were set forth at length herein.

96.   By and through their actions as set forth *supra* in this Complaint, Defendants acted in a negligent, careless and unreasonable manner, thereby causing harm to Plaintiff.

97.   Defendants' negligent and careless actions, include but are not limited to, any and all actions and/or inactions of Defendants as separately enumerated *supra*.

98.   As a direct and/or proximate result of Defendants' negligent and careless conduct as aforementioned, Plaintiff was caused to suffer and continues to suffer severe physical injuries and emotional distress, including but not limited to mental anguish, anxiety, depression, loss of child, loss of sleep, injury to professional development, emotional well-being, and physical and mental pain and suffering which required her to seek medical attention.

WHEREFORE it is respectfully requested that judgment be entered in favor of Plaintiff and against Defendants, jointly and/or severally, in an amount in excess of $150,000, together with costs of suit, and such further relief as the Court deems proper.

## COUNT  V

### PLAINTIFF V. DEFENDANTS
### UNJUST ENRICHMENT

99.   Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, as though each were set forth at length herein.

100.   Plaintiff purchased defective birth control pills designed, manufactured, packaged,

sold, distributed and marketed by Defendants and thereby conferred a benefit on Defendants which Defendants accepted and retained.

101.     To the detriment of Plaintiff, Defendants have been and continue to be unjustly enriched as a result of the unlawful and/or wrongful collection of, *inter alia*, payments for the defective birth control pills.

102.     Defendants have unjustly benefitted through the unlawful and/or wrongful collection of, *inter alia*, payments for the defective birth control pills and continue to so benefit to the detriment and at he expense of Plaintiff.

103.     Plaintiff seeks full restitution, repayment and/or reimbursement of Defendants' enrichment, benefits, and ill-gotten fails acquired as a result of the unlawful and/or wrongful conduct alleged herein as well as full restitution, repayment and/or reimbursement of all monies spent by Plaintiff on the defective birth control pills.

WHEREFORE it is respectfully requested that judgment be entered in favor of Plaintiff and against Defendants, jointly and/or severally, in an amount in excess of $150,000, together with costs of suit, and such further relief as the Court deems proper.

## COUNT  VI

### PLAINTIFF V. DEFENDANTS
### VIOLATIONS OF NEW JERSEY UNFAIR TRADE PRACTICES LAW

104.     Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, as though each were set forth at length herein.

105.     At all relevant times there was in effect the New Jersey Unfair Trade Practices Law, N.J.S.A. 56:8 et seq.  Section 56:8-2 provides

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the

knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice; provided, however, that nothing herein contained shall apply to the owner or publisher of newspapers, magazines, publications or printed matter wherein such advertisement appears, or to the owner or operator of a radio or television station which disseminates such advertisement when the owner, publisher, or operator has no knowledge of the intent, design or purpose of the advertiser.

106.    Defendants acted, used and employed deception, unfair and deceptive acts and practices, fraud, false pretense, false promises, misrepresentations, concealment, suppression and omission of material facts with intent that physicians and medical providers rely upon such concealment, suppression and omission, and for the purpose of influencing and inducing physicians and medical providers to prescribe the birth control pills to, *inter alia*, prevent pregnancy to patients/consumers such as Plaintiff and causing such patient/consumer to purchase, acquire and use birth control pills for the prevention of pregnancy, in connection with the sale and advertisement of the birth control pills in violation of the New Jersey Unfair Trade Practices Law.

107.    As a direct and proximate result of Defendants' acts, uses and employment of deception, unfair and deceptive acts and practices, fraud, false promises, misrepresentations, concealment, suppression and omission of material facts, reasonable patient and/or consumers acting reasonably, such as Plaintiff, were caused to purchase and ingest the birth control pills and thereby sustain serious personal injury and damages as enumerated above.

WHEREFORE it is respectfully requested that judgment be entered in favor of Plaintiff and against Defendants, jointly and/or severally, in an amount in excess of $150,000, together with costs of suit, and such further relief as the Court deems proper.

## JURY TRIAL DEMANDED

Plaintiff Christina Liro hereby demands a jury trial in this matter.

## REQUESTED RELIEF

WHEREFORE, Plaintiff Christina Liro respectfully prays that this Court award the following relief:

a.     Award Plaintiff compensatory damages, including damages against Defendants and each of them for personal injuries, medical and hospital expenses, funeral expenses, loss of income, loss of future earning capacity, and other damages according to proof at trial in excess of $150,000.00;

b.     Award Plaintiff his reasonable attorney fees and costs;

c.     Award Plaintiff pre-judgment and post-judgment interest; and

d.     Grant such other relief as the Court deems just, proper and equitable,

Respectfully submitted,

THE PEARCE LAW FIRM

s/ Rebecca L. Thomas
Edith A. Pearce, Esquire
Rebecca L. Thomas, Esquire
Attorneys for Plaintiff
The Pearce Law Firm
1429 Walnut Street 14th Floor
Philadelphia, PA   19102
(215) 557-8686